WESLEY PARSONS, ET AL., *v.* JOHN JENKINS.

**Action for Joint Trespass.**

Where the action is for a joint trespass committed by two persons, no joint verdict and judgment can be rendered against such persons for a separate trespass by each of them, in which the other did not participate.

APPEAL FROM MERCER CIRCUIT COURT.

December 14, 1878.

OPINION BY JUDGE ELLIOTT:

This action was brought by John Jenkins for a joint assault made on his person by the appellants. On the trial he failed to prove a joint assault, but did prove that he was assaulted by Benjamin Parsons in October, 1876, but in the absence of Wesley Parsons, and that afterward on the same day he was assaulted by Wesley Parsons.

The evidence conduces to prove two assaults, but they were not joint assaults, for appellee himself testifies that Benjamin Parsons did not join in the assault committed on his person by Wesley Parsons, nor did Wesley Parsons join in the assault committed on him by Benjamin Parsons.

The court, at the close of the evidence, refused appellants' separate motions to compel the appellee to elect which of the defendants in the action he would proceed against, and this is assigned for error. As the action was for a joint trespass committed by the two persons no joint verdict and judgment could be rendered against such persons for a separate trespass by each of them in which the other did not participate.

The reasons given by the authorities for refusing joint judgments for separate trespasses are that the jury cannot award separate damages in a joint action, nor can they award joint damages against two when only one has committed the trespass sued for. It was, therefore, the duty of the plaintiff below to have elected against

which of the defendants he would proceed and dismiss his complaint as to the other, and as he failed so to do and went on to prove the separate trespass of Benjamin Parsons, the court should have treated this as an election of plaintiff to proceed against Benjamin Parsons, and should have rejected all evidence of a joint trespass by the defendants or of a separate trespass by Wesley Parsons. 2 Starkie on Evidence 806. Under such circumstances the plaintiff could prove as many trespasses as he had counts against Benjamin Parsons, but after proving a separate assault by him he was precluded from proving a joint assault by him and another, but should have been confined to the assaults of Benjamin Parsons, and the action dismissed as to the other defendant.

As there was no conflict in the evidence as to the fact that the assaults in this case were committed separately and at different times by each of the defendants, the court erred in its refusal to grant a new trial.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent herewith.

*Bell & Wilson, for appellants. Thompsons, for appellee.*